IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGEL LUIS ARBOLAY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-976-GBW |
| SPO BRYAN VETTORI, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Angel Luis Arbolay, proceeding *pro se* and *in forma pauperis*, filed this civil rights action against Defendant Bryan Vettori under 42 U.S.C. § 1983. (D.I. 3).[1] Before the Court is Defendant's motion for summary judgment. (D.I. 43). The matter is fully briefed.

**II.  BACKGROUND AND FACTS AS PRESENTED BY THE PARTIES**

On August 15, 2018, Plaintiff was inside an associate's residence located at 207 S. Dupont Street, in Wilmington, Delaware. Defendant, who was then a Senior Officer with the Delaware Department of Probation and Parole ("DDPP"),

---

[1] In the Complaint, Plaintiff named a second Defendant, who was dismissed based on Plaintiff's failure to assert any allegations against him. (D.I. 9, 10).

arrived with three other officers and a probationer. Defendant had observed the probationer on several occasions that month around 207 S. Dupont Street. The probationer had provided DDPP with an address in a different geographic area as his residence. On August 15, 2018, Defendant saw the probationer enter, and then quickly leave, a block known for drug activity. The officers had detained the probationer pursuant to two outstanding warrants for his arrest and they suspected that he was engaging in illegal drug activity. Upon being detained, the probationer asserted that he was living in the residence at 207 S. Dupont Street.

After announcing their presence at 207 S. Dupont Street and not gaining entry, Defendant and the other officers forced their way into the residence. It is undisputed that Defendant tackled Plaintiff in the bathroom and handcuffed him with his hands behind his back. Plaintiff testified at his deposition that another officer punched and kicked him while he was handcuffed, grabbed him by his head, slammed him into the toilet, picked him back up, and slammed him again on the other side. Plaintiff also testified that Defendant:

> [P]ut his hands around my waist area in the back, put one hand through the – because my hands – I was handcuffed, so he put one hand in between the inner, my inner elbow and my – like he locked his hands where I was handcuffed. That was when he pulled my whole body, picked me up and slammed me on the floor. So once he did that, I was, oh, my god, this dude is going to try to kill me. You know you see stuff like that on TV or you hear about it happens, but it actually happens to you.

(D.I. 44-1 at 7-8). In his declaration, Defendant denies slamming Plaintiff onto the toilet in the bathroom.[2]

Plaintiff suffered a concussion, a puncture wound to his hand, rib contusions, and a cut to his left elbow that bled profusely and required five stiches. Defendant was also injured during the arrest. According to Defendant's declaration, a ceramic toilet was broken when he and Plaintiff fell, and Defendant suffered a severe laceration to his lower right leg and was bleeding profusely. It is undisputed that when Plaintiff was taken into custody from the residence, Defendant was not with him because Defendant was seeking treatment for his own injuries. Drugs were later found in the possession of the probationer, and drug paraphernalia was found in the residence.

Plaintiff alleges that his medical treatment was delayed because he was brought to the hospital in a personal vehicle rather than in an ambulance. He further alleges that Defendant submitted falsified reports to cover up his own actions.

Liberally construing the Complaint, Plaintiff brought claims against Defendant for illegal search and seizure, excessive force, delaying his medical care, and generating false reports. Defendant moves for summary judgment, based

---

[2] In the Complaint, Plaintiff alleged that Defendant slammed him onto the toilet, but in his deposition testimony, Plaintiff alleged that the other officer in the bathroom slammed him onto the toilet.

3

largely on Plaintiff's deposition testimony, which Defendant argues does not implicate him in Plaintiff's claims. Defendant also argues that he is entitled to qualified immunity.

## III. LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). A non-moving party asserting that a fact is genuinely disputed must support such

an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460-61.

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

## IV.   DISCUSSION

Defendant's motion for summary judgment will be granted as to Plaintiff's claims for illegal search and seizure, delaying his medical care, and generating

false reports. Defendant's motion for summary judgment will be denied as to Plaintiff's claim against Defendant for use of excessive force.

First, there is no genuine issue of material fact that the search of the residence did not violate Plaintiff's Fourth Amendment rights, given Defendant's observations of the probationer in the area of the 207 S. Dupont Street, the probationer's outstanding arrest warrants, and the probationer's assertion that he was living at 207 S. Dupont Street. *See e.g.*, *Keating v. Pittston City*, 643 F. App'x 219, 223-24, & n.4 (3d Cir. 2016) (discussing the reduced expectation of privacy of probationers, and noting that "[r]easonable suspicion suffices to justify a parole agent's warrantless search of premises that [probationers] have control of, including a [probationer's] residence, when an agent reasonably believes that the premises contains evidence of a [probation] violation") (citing *United States v. Baker*, 221 F.3d 438, 443-44 (3d Cir. 2000), and *United States v. Hill*, 967 F.2d 902, 908-09 (3d Cir. 1992)). Judgment on the illegal search and seizure claim will be granted in Defendant's favor.

Next, there is no genuine issue of material fact that Defendant was not involved in the alleged delay of Plaintiff's medical care, given that Defendant was seeking his own medical care at that time. Judgment on this claim will be granted in Defendant's favor.

6

Third, "the mere existence of an allegedly incorrect police report fails to implicate constitutional rights" *Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir. Feb. 20, 2009), and judgment on this claim will therefore be granted in Defendant's favor.

The Court, however, will deny summary judgment as to Plaintiff's excessive force claim. There is a genuine issue of material fact as to whether, while Plaintiff was lying face down on the bathroom floor with his hands handcuffed behind his back, Defendant "locked his hands where [Plaintiff] was handcuffed," pulled up his whole body, and slammed him onto the floor.[3] Accordingly, Defendant is not entitled to judgment as a matter of law on this claim, and qualified immunity is inapplicable.

## V. CONCLUSION

NOW THEREFORE, at Wilmington this 14th day of August, 2023, having considered Defendant's motion for summary judgment (D.I. 43), and for the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment (D.I. 43) is **GRANTED in part and DENIED in part**. Defendant's motion for summary judgment is granted as to Plaintiff's claims for illegal search and seizure, delaying medical care, and filing false reports, and

---

[3] Defendant argues that this allegation contradicts the Complaint. This argument, however, goes to the weight of Plaintiff's deposition testimony, which is a question for the fact finder, and cannot be resolved on summary judgment.

Judgment is entered in Defendant's favor as to those claims. Defendant's motion for summary judgment is denied as to Plaintiff's excessive-force claim. That claim shall proceed to trial.

_____
UNITED STATES DISTRICT JUDGE